## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**DENNIS A. RODGERS**  **PLAINTIFF**

**VS.**  **CAUSE NO.** 4:23cv093-DMB-DAS

**APAC-MISSISSIPPI, INC.**  **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and liquidated damages for age discrimination. The following facts support this action:

1.

Plaintiff DENNIS A. RODGERS is an adult resident citizen 218 Yolland Road, Greenville, Mississippi 38701.

2.

Defendant APAC-MISSISSIPPI, INC. is a Delaware corporation doing business in the State of Mississippi. Defendant may be served with process on its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110. Defendant is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000, *et seq.*

4.

Plaintiff is fifty-two (52) years old. Plaintiff worked for Defendant for approximately twenty-seven (27) years, being steadily promoted, until he reached the position of Area Manager. Pursuant to company policy, Defendant's gave bonuses to employees based upon performance. Plaintiff's performance was such as to entitle him large bonuses. Furthermore, until a new president, Nathan Killingsworth, became Plaintiff's supervisor in 2019, Plaintiff had always received "above expectations" performance ratings.

5.

Immediately upon becoming president, Killingsworth made numerous comments about Plaintiff's age, telling Plaintiff that he assumed that Plaintiff would retire at age fifty-five (55), and asking Plaintff when he was going to retire. Plaintiff responded that he would not retire until he was sixty-seven (67) years old. Plaintiff could tell from that meeting that Killingsworth did not want Plaintiff to work for Defendant because of Plaintiff's age.

6.

Thereafter, Killingsworth made various trivial complaints about Plaintiff's work performance, which are described in detail in the EEOC charge, attached hereto as Exhibit "A." The complaints were either trivial or outright falsehoods.

-2-

7.

A few days before Plaintiff was to receive a large bonus based upon performance (approximately $50,000.00), Defendant terminated Plaintiff from his employment.

8.

Plaintiff was replaced by a far less experienced and less competent manager, who was approximately thirty-five (35) years old. Defendant could not possibly have believed that this younger employee, with his lack of experience, could perform the job as well as Plaintiff performed the job.

9.

After being terminated, Defendant's other managerial employees occasionally called Plaintiff for advice on how to do various aspects of the work. Current employees have said that the new Area Manager has asked on several occasions , "What would Dennis do?" Plaintiff is now employed by a contractor at far less pay who performs work for Defendant, and Defendant uses this opportunity to seek Plaintiff's advice on certain aspects of his former job. Defendant knows Plaintiff was a far superior employee, and he was fired simply because of the age bias held against him by Killingsworth, who is, himself, a very young man.

10.

But for Plaintiff's age, he would not have been terminated.

11.

The age discrimination against Plaintiff was willful.

12.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

13.

Defendant's policy of paying bonuses based upon performance was, in effect, an agreement to pay the bonuses. Defendant's liable for the approximately $50,000.00 owed because of this implied contract.

14.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendant's actions.

### REQUEST FOR RELIEF

Plaintiff requests actual and liquidated damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 22nd day of May, 2023.

DENNIS A. RODGERS, Plaintiff

By: /s/ Jim Waide
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF

-4-

STATE OF MISSISSIPPI

COUNTY OF _Lee_

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named DENNIS A. RODGERS, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_Dennis A. Rodgers_
DENNIS A. RODGERS

GIVEN under my hand and official seal of office on this the _5th_ day of _May_, 2023.

(SEAL)

_Kimberley M. Sanders_
NOTARY PUBLIC

My Commission Expires: _April 4, 2027_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 84834
KIMBERLEY M. SANDERS
Commission Expires
April 4, 2027
LEE COUNTY